UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMER BEAN & SEED, LLC, a Washington limited liability company,<br><br>                          Plaintiff,<br><br>   v.<br><br>PACIFIC GRAIN & FOODS, LLC, a California limited liability company,<br><br>                          Defendant. | NO. 2:20-CV-0273-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 13) and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 2). These matters were submitted for consideration with oral argument on October 15, 2020. Zachary W. Acres and Christopher F. Ries appeared on behalf of Plaintiff. Jeremiah R. Newhall appeared on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below,

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

1  Plaintiff's Motion to Remand (ECF No. 13) is **GRANTED** and Defendant's

2  Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 2) is **DENIED**.

3  **BACKGROUND**

4  This case arises out of an alleged breach of contract over the sale of dark red

5  kidney beans.  ECF No. 1.  On May 20, 2020, Plaintiff filed suit in state court in

6  Grant County, Washington.  On August 6, 2020, Defendant removed the case to

7  this Court.  ECF No. 1.  On August 13, 2020, Defendant filed the instant Motion to

8  Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil

9  Procedure 12(b)(2).  ECF No. 2.  On September 8, 2020, Plaintiff filed the instant

10  Motion to Remand with a request for attorney's fees and costs.  ECF No. 13.  The

11  following facts are not in dispute, except where noted.

12  Plaintiff Farmer Bean & Seed, LLC is a Washington limited liability

13  company based out of Quincy, Washington.  ECF No. 2 at 3; ECF No. 11 at 2.

14  Plaintiff produces and sells beans and seeds to domestic and international entities.

15  ECF No. 11 at 2.

16  Defendant Pacific Grain & Foods, LLC is a California limited liability

17  company.  ECF No. 2 at 3.  Defendant contracts with food suppliers such as

18  Plaintiff to purchase products such as dry beans, rice, grains, soups, spice, and

19  nuts/snack products.  ECF No. 2 at 4; ECF No. 11 at 2.  Defendant uses third-party

20

food brokers or contracts directly with suppliers for the repackaging and sale of such dried goods. ECF No. 2 at 4; ECF No. 11 at 2.

Approximately eight years ago, the parties directly contracted for the purchase and sale of beans. ECF No. 11 at 2. Plaintiff ceased doing business with Defendant as a result of Defendant's problems accepting shipments and making timely payments. ECF No. 11 at 2. Approximately five years ago, unbeknownst to Plaintiff, the parties resumed business indirectly through a third-party broker in Colorado. ECF No. 2 at 4; ECF No. 11 at 2. As performance issues arose again, the parties agreed to meet and confer. ECF No. 11 at 2.

Between July 20-23, 2019, the United States Dry Bean Convention was held in Snowmass, Colorado. ECF No. 2 at 4; ECF No. 11 at 3. There, Plaintiff's owner Mr. Russell A. Kehl and Defendant's managing member, Mr. Lee Perkins, met for the first time. ECF No. 2 at 4; ECF No. 11 at 2. Mr. Perkins attended this convention, in part, to meet and contract with suppliers in order to remove any third-party food broker. ECF No. 2 at 4-5.

On or about July 21, 2019,[1] Mr. Perkins and Mr. Kehl discussed the business relationship between Plaintiff and Defendant. ECF No. 11 at 3. During this conversation, the two agreed that Defendant would purchase goods directly from

---

[1] Defendant claims this meeting occurred on July 22, 2019. ECF No. 2 at 5.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

Plaintiff, removing the need for the third-party Colorado food broker. ECF No. 2 at 5; ECF No. 11 at 3. The parties negotiated two agreements for the purchase and sale of dark red kidney beans and small red beans. ECF No. 11 at 3-4.[2]

The next day, the parties met again to sign a "sales confirmation." ECF No. 2 at 5; ECF No. 11 at 3. Defendant agreed to purchase 1,654,000 pounds of dark red kidney beans for $1,095,840, to be delivered from Washington to California between July and November 2019. ECF No. 2 at 5; ECF No. 11 at 3. Above the signature line, the document read: "THIS CONTRACT, which includes the further provisions printed on the back hereof…." ECF No. 3-1 at 2. On the back, the clause stated that "[a]t the option of [Plaintiff], venue of any action shall lie in Grant County, Washington." ECF No. 3-1 at 3. Mr. Perkins added handwritten notes before signing, including "37" next to the quantity which indicated the number of loads it would take to ship the entire order to Defendant. ECF No. 11 at 3. Mr. Perkins then signed the agreement. ECF No. 11 at 3. Mr. Perkins did not object to any terms of the agreement at that time but claims that he did not read,

---

[2] The small red beans contract is not at issue. ECF No. 11 at 4. Defendant did not accept any shipments under this contract, but Plaintiff was able to resell the beans for the full contract price which mitigated any damages. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

1  discuss, nor consent to the clause regarding venue in Grant County on the back of
2  the agreement. ECF No. 2 at 5-6; ECF No. 11 at 4.

3  In the first ten weeks of the shipment term, Plaintiff shipped 3 loads of the
4  dark red kidney beans totaling 132,000 pounds to Defendant in California, who
5  remitted payment in the amount of $95,040. ECF No. 2 at 6; ECF No. 11 at 4-5.
6  On October 4, 2019, with less than two months remaining, Plaintiff demanded
7  adequate assurances from Defendant that it would accept the remaining 35 1/2
8  loads over the next thirty days. ECF No. 11 at 4-5. Defendant did not respond to
9  this demand, and Plaintiff declared Defendant in default. ECF No. 11 at 5.
10 Plaintiff subsequently sold the remaining 1,522,000 pounds of beans for $944,815,
11 instead of the $1,095,840 value under the contract with Defendant. ECF No. 11 at
12 5.

13 On May 20, 2020, Plaintiff filed suit in state court in Grant County – where
14 no federal courthouse sits – for the difference in the resale price of $151,025. ECF
15 No. 2 at 6; ECF No. 11 at 6; ECF No. 12 at 5. After Defendant's removal, the
16 instant motions followed.

17 **DISCUSSION**

18 **A. Motion to Remand**

19 A case may be removed from state to federal court only if the federal court
20 has subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). "In civil cases,

subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). However, even if a court has subject matter jurisdiction, a case may nonetheless be remanded based on a forum selection clause. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009).

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." A motion to remand based on a forum selection clause is not subject to the 30-day time limit. *Kamm*, 568 F.3d at 757.

Here, the parties do not dispute that diversity of citizenship exists for subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 15 at 9. However, the motion to remand is based on the forum selection clause contained in the sales agreement, which is not subject to the 30-day time limit. ECF No. 13 at 1. Defendant argues that it did not agree to the forum selection clause because it was an additional term to an oral contract, or in the alternative, that the Court retain

jurisdiction by special session. ECF No. 15 at 5-8.[3] Plaintiff argues that the sales agreement was the contract and by signing the agreement, Defendant agreed to venue in Grant County, Washington. *Id.* at 6-11. The fundamental issue here is whether the sale agreement constitutes a contract or confirmatory memorandum.

*1. The Sales Agreement*

State law governs contract formation. *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008).[4] Article 2 of the UCC applies to contracts between merchants for the sale of goods. *See* RCW 62A.2-102; RCW 62A.2-104. "A contract for the sale of goods may be made in any manner sufficient to show agreement." RCW 62A.2-204(1). For "a contract for the sale of goods for the price of five hundred dollars or more" to be enforceable, there must be "some writing sufficient to indicate that a contract for sale has been made between the

---

[3] Finding the forum selection clause valid, the Court rejects Defendant's argument that it should retain jurisdiction by special session under 28 U.S.C. § 141(a)(1).

[4] The parties do not identify a conflict of laws issue as the Uniform Commercial Code has been adopted in Colorado and Washington. As the parties rely on Washington law, the Court will do the same. *See* ECF No. 13 at 6; ECF No. 15 at 5.

1 parties and signed by the party against whom enforcement is sought." RCW

2 62A.2-201(1).  Alternatively, a contract is enforceable "[b]etween merchants if

3 within a reasonable time a writing in confirmation of the contract and sufficient

4 against the sender is received and the party receiving it has reason to know its

5 contents … unless written notice of objection to its contents is given within ten

6 days after it is received." RCW 62A.2-201(2).

7 　　　Section 2-207 of the UCC applies to situations where a written confirmation

8 or acceptance of an oral agreement includes additional terms that were not

9 originally discussed.  RCW 62A.2-207, UCC cmt. 1.  However, "[i]f [the

10 additional terms] are such as materially to alter the original bargain, they will not

11 be included *unless expressly agreed to* by the other party." RCW 62A.2-207, UCC

12 cmt. 3 (emphasis added).

13 　　　Here, the Court finds that this case is not controlled by Section 2-207 as the

14 sales agreement is a contract under RCW 62A.2-201(1) rather than a confirmatory

15 memorandum under RCW 62A.2-201(2).  The parties negotiated terms orally and

16 then set out the final expression of their agreement in the sales confirmation.  ECF

17 No. 2 at 5; ECF No. 11 at 3.  Defendant reviewed and signed the agreement in

18 person.  ECF No. 11 at 3.  Even if the forum selection clause constitutes an

19 additional term to the agreement, Mr. Perkins expressly agreed to the clause by

20 reviewing and signing the agreement.  *See Carnival Cruise Lines, Inc. v. Shute*,

499 U.S. 585, 595 (1991) (Party "conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity."). Therefore, the sales agreement constitutes a valid and binding contract.

  *2. The Forum Selection Clause*

  Federal law governs the enforcement of forum selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). In a valid contract, a forum selection clause is presumptively valid and "should be honored 'absent some compelling and countervailing reason.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). Countervailing reasons not to enforce a forum selection clause include: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.* (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (internal quotation marks omitted)).

  Here, as described above, the sales agreement constitutes a valid contract. Defendant's claim that it did not agree to a clause in a contract its managing member reviewed, annotated, and signed is not a compelling and countervailing

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANT'S MOTION TO DISMISS ~ 9

1 reason that renders the forum selection clause unenforceable. As such, the forum
2 selection of Grant County, Washington is enforceable, a forum where no federal
3 courthouse is located. ECF No. 12 at 5. *See City of Albany v. CH2M Hill, Inc.*,
4 924 F.3d 1306 (9th Cir. 2019). Therefore, remand is appropriate to the Superior
5 Court of Washington in Grant County.

6 **B. Attorney's Fees and Costs**

7 Plaintiff seeks attorney's fees and costs in connection to the motion to
8 remand, arguing that "given the unambiguous language of the Forum Selection
9 Clause, [Defendant] had no objectionably [sic] reasonable basis for removal."
10 ECF No. 13 at 11-12. Defendant argues that there was an objectively reasonable
11 basis for removal based on subject matter jurisdiction. ECF No. 15 at 8-11.

12 Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require
13 payment of just costs and any actual expenses, including attorney fees, incurred as
14 a result of removal." However, "absent unusual circumstances, attorney's fees
15 should not be awarded when the removing party has an objectively reasonable
16 basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).
17 Plaintiff prevailed on the instant motion to remand based on contract principles;
18 this does not make Defendant's basis for removal based on diversity of citizenship
19 objectively unreasonable. Therefore, the Court declines to award Plaintiff
20 attorney's fees and costs.

**C. Motion to Dismiss**

Defendant moves to dismiss the case based on lack of personal jurisdiction. ECF No. 2. A forum selection clause in a valid contract constitutes a waiver of objection to personal jurisdiction. *See Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994). Finding the clause binding and enforceable, Defendant submitted to personal jurisdiction in Grant County, Washington. Therefore, Defendant's Motion to Dismiss is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 13) is **GRANTED**. Plaintiff's request for attorney's fees and costs is **DENIED**.

2. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 2) is **DENIED**.

3. This matter is **REMANDED** to the Superior Court of Washington for Grant County (former Grant County Superior Court No. 20-2-00445-13).

The District Court Executive is directed to enter this Order, furnish copies to counsel, mail a certified copy to the Clerk of the Grant County Superior Court, and **CLOSE** this case.

**DATED** October 15, 2020



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 11